ANNIE TUNE *vs.* WILLIAM H. SWEENEY, impleaded, etc.

November 30, 1885.

Justice of Peace—Appeal on Questions of Law—Presumption of Sufficient Evidence.—Where a defendant, against whom a several judgment was rendered in justice's court, in an action against two defendants, appeared at the trial, but made no objection to any of the proceedings, and the record, upon an appeal upon questions of law only, discloses no part of the evidence, it will be presumed that the evidence offered was sufficient to establish a several liability.

Same—Failure to File Note Sued Upon.—The action was upon a promissory note produced at the trial, but which does not appear to have been filed with the court. *Held*, that such omission was no ground for a reversal of the judgment.

Appeal by defendant Wm. H. Sweeney (impleaded with Thomas F. Sweeney) from a judgment of the district court for Clay county, affirming a judgment of a justice of the peace.

*F. D. Larrabee*, for appellant, cited *Johnson* v. *Lough*, 22 Minn. 203; *Armstrong* v. *Lewis*, 14 Minn. 308; (406.)

*O. Mosness*, for respondent.

VANDERBURGH, J. This action was brought in justice's court against two defendants, only one of whom was served with process. The complaint was oral, upon a promissory note, the substance of which was entered in the docket; but whether the promise was joint only, or several as well, did not appear. The defendant who was served appeared on the trial. The note was received in evidence without objection, and judgment was rendered against the defendant who appeared for the amount claimed and interest. The appeal was upon questions of law only, and the evidence was not returned.

1. In the absence of the evidence including the note or a copy, we are not able to say that the defendants' liability thereon was not several, or that there was not sufficient evidence to support the judgment as rendered. We must presume that there was.

2. The note does not appear among the files, but it was produced and accounted for at the trial, showing that it was in possession of the payee, and the defendant did not ask that it should be made part · of the record, which the court doubtless would have required if necessary for his convenience or protection. The omission is no ground for a reversal of the judgment.

Judgment affirmed.